UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEVEN W.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C20-5653 RSM

**ORDER AFFIRMING DENIAL OF BENEFITS**

Plaintiff seeks review of the denial of his applications for Disability Insurance Benefits. Plaintiff contends the ALJ erred by discounting his testimony, his wife's statement, and two medical opinions. Dkt. 13. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff is 51 years old, has a high school education, and has worked as a sports instructor and a combat rifle crew member. Dkt.11, Admin. Transcript (Tr.) 26. Plaintiff applied for benefits in September 2017, and alleges disability as of April 1, 2015. Tr. 15. After conducting a hearing in April 2019, the ALJ issued a decision finding Plaintiff not disabled from the alleged onset date through the December 2016 date last insured. Tr. 34-65, 15-28. In pertinent part, the ALJ found Plaintiff's post-traumatic stress disorder (PTSD) and physical

ORDER AFFIRMING DENIAL OF BENEFITS
- 1

impairments limited him to light work with three-step instructions, occasional superficial interactions with others, brief interactions with the public, no teamwork, and no goal-setting required. Tr. 17, 20-21.

## DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole. *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).

**A.     Plaintiff's Testimony**

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo*, 871 F.3d at 678.

The ALJ accepted much of Plaintiff's testimony of "difficulty interacting with others; concentrating or maintaining pace; and adapting or managing himself in the work setting" and accordingly imposed several mental limitations in the RFC. Tr. 23. The ALJ discounted Plaintiff's testimony of further limitations, however, finding them inconsistent with fairly normal mental status examination results, improvement with treatment, and conservative treatment. Tr. 22-23.

"Memory, concentration and attention [were] unimpaired" in July and December 2015 mental status examinations. Tr. 358, 811. Conflict with the medical evidence was thus a clear and convincing reason, supported by substantial evidence, to discount Plaintiff's testimony of concentration difficulty. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th

ORDER AFFIRMING DENIAL OF BENEFITS
- 2

Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting a claimant's subjective testimony.").

The ALJ discounted Plaintiff's testimony of difficulty around other people, including self-isolating or becoming verbally aggressive, because providers generally described his behavior as cooperative and appropriate, he actively participated in group therapy, and he regularly attended church and fitness classes.  Tr. 19, 23.  Participating in group therapy exclusively with veterans with PTSD, facilitated by a mental health professional, does not contradict Plaintiff's testimony of difficulty with the general public or show he can interact with coworkers.  However, the ability to regularly attend church and go to the gym indicate an ability to interact with other people, including the general public, thus contradicting Plaintiff's testimony.  *See* Tr. 220 (goes to the gym for yoga twice a week and ju-jitsu once a week). Plaintiff argues he could "leave whenever his PTSD symptoms worsen" but nothing in the record suggests he needed to leave these places.  Dkt. 13 at 5.  Conflict with his activities was a clear and convincing reason to discount Plaintiff's testimony of extreme interpersonal limitations.  *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (ALJ may discount a claimant's testimony based on daily activities that contradict her testimony).

Inclusion of any erroneous reasons was harmless, as the remaining valid reasons were clear and convincing.  *See Carmickle*, 533 F.3d at 1163.  The Court concludes the ALJ did not err by discounting Plaintiff's testimony.

**B.     Lay Witness Statement**

In April 2019, Plaintiff's wife submitted a statement describing his difficulties with memory, concentration, and interacting with others.  Tr. 1432-33.  The Commissioner concedes the ALJ erred by discounting the statement based on its date, because it expressly related back to

ORDER AFFIRMING DENIAL OF BENEFITS
- 3

before Plaintiff's date last insured. Dkt. 14 at 6-7. However, as the Commissioner notes, the error was harmless because the ALJ's reasons for discounting Plaintiff's testimony apply with equal force to his wife's statement. *See Molina v. Astrue*, 674 F.3d 1104, 1122 (9th Cir. 2012) (affirming where "the lay testimony described the same limitations as [claimant's] own testimony, and the ALJ's reasons for rejecting [claimant's] testimony apply with equal force to the lay testimony" even though the ALJ failed to provide reasons to reject the lay testimony). The Court concludes the ALJ did not harmfully err by discounting Plaintiff's wife's statement.

**C.     Medical Opinions**

Because Plaintiff filed his claim after March 2017, new regulations apply to the ALJ's evaluation of medical opinion evidence. The ALJ must articulate and explain the persuasiveness of an opinion based on "supportability" and "consistency," the two most important factors in the evaluation. 20 C.F.R. § 404.1520c(a), (b). The "more relevant the objective medical evidence and supporting explanations presented" and the "more consistent" with evidence from other sources, the more persuasive a medical opinion. *Id*. at (c)(1)-(2).

**1.     Morgan L. McCormick, Psy.D.**

In March 2019 Dr. McCormick performed a psychological evaluation and filled out a Medical Source Statement form. Tr. 1435-43. She reviewed medical records dated between 2011 and 2019. Tr. 1435. Dr. McCormick diagnosed PTSD and mild delusional disorder, and wrote that Plaintiff's "mental health symptoms hi[t] an apex between April and June of 2015." Tr. 1440. In the Medical Source Statement, Dr. McCormick opined Plaintiff was unable to interact appropriately with others, complete a normal workday and workweek, or respond appropriately to changes in the work setting. Tr. 1442. Dr. McCormick did not answer questions on the form about the onset date. Tr. 1443.

ORDER AFFIRMING DENIAL OF BENEFITS
- 4

The ALJ discounted Dr. McCormick's opinions because they were inconsistent with the "objective evidence of record" and related to a time after the date last insured. Tr. 25. As discussed above regarding Plaintiff's testimony, his ability to attend church and fitness classes contradicted the opined inability to behave appropriately around other people.

Almost entirely normal mental status examinations during the relevant time period, including normal thought process and content and the absence of hallucinations or delusions, further undermined Dr. McCormick's extreme limitations. *See, e.g.*, Tr. 617-18 ("No hallucinations"; normal thought process and content), 763 ("no psychotic symptoms"). Plaintiff contends "[m]ental status examinations and other similar observations do not give an indication of a Plaintiff's condition outside of the provider's office … where all stressors are reduced to a minimum…." Dkt. 15 at 1-2. But providers obviously make observations that are relevant to the outside world. There is no support for Plaintiff's contention that providers' observations, made for purposes of treatment, are meaningless. The ALJ reasonably relied on treatment records.

Conflict with evidence in the record was a sufficient reason to discount Dr. McCormick's opinions. *Cf. Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) (inconsistency with objective evidence in the medical record is a specific and legitimate reason for rejecting the opinion of an examining doctor). Inclusion of erroneous reasons was harmless. *See Molina*, 674 F.3d at 1117 (error harmless if "inconsequential to the ultimate disability determination").

The Court concludes the ALJ did not err by discounting Dr. McCormick's opinions.

**2.    Karen Erdie, LMHC**

In July 2018, Ms. Erdie opined Plaintiff had several symptoms, but only "[a]nger issues" were "[p]resent as of the Summer of 2015." Tr. 1286. "Paranoia" and "[d]elusional beliefs" began in 2017, and Ms. Erdie opined Plaintiff's "belief that he is being monitored would cause

ORDER AFFIRMING DENIAL OF BENEFITS
- 5

distress enough for [him] to miss work or quit." Tr. 1285-87.  Plaintiff contends the ALJ erred by discounting Ms. Erdie's opinions.  Any error would be harmless, because she opined that the symptoms causing Plaintiff to miss work did not begin until after Plaintiff's date last insured.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 16th day of March, 2021.

_____
RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE